Case 1:16-cv-00314   Document 25   Filed on 06/15/17 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
June 15, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JOSE LUIS LOPEZ,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-314 |
| | § | |
| **LORIE DAVIS,** | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On December 16, 2016, Petitioner Jose Luis Lopez filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Dkt. No. 1. Lopez is a state parolee, who was placed in an intermediate sanction facility[1] ("ISF") based upon a parole violation. Lopez has since been released from the ISF and remains a parolee. In his petition, Lopez solely challenges his placement in an ISF and not his general status as a parolee.

On March 28, 2017, Respondent Lorie Davis, in her official capacity as Director of Texas Department of Criminal Justice – Correctional Institutions Division (hereinafter "Texas" or "State") filed a motion for summary judgment. Dkt. No. 18. Davis argues that Lopez's release from the ISF facility moots his state habeas claim.

After reviewing the record and the relevant case law, the Court recommends that the Lopez's petition be dismissed without prejudice for lack of jurisdiction. Lopez's claims have been rendered moot by his release from the ISF.

---

[1] An intermediate sanction facility is a secure facility that serves "as [a] detention center[] for offenders violating the conditions of their supervision ('technical violations'). These facilities are used to sanction offenders in lieu of a revocation to prison." Ashley Stebbins, A Tale of Two States Without A Sentencing Commission: How Divergent Sentencing Approaches in California and Texas Have Left Texas in A Better (and Model) Position, 62 Baylor L. Rev. 873, 908 (2010).

**I. Background**

    **A. Factual Background**

In July 2008, Lopez was indicted for: (1) burglary of a habitation; and (2) forgery. CR Dkt. No. 19-2, p. 6. On November 21, 2008, a jury found Lopez guilty on both counts. Id, pp. 45, 53-54. For burglary of a habitation conviction, Lopez was sentenced to 10 years of incarceration; for the forgery charge, Lopez was sentenced to two years of incarceration, to be served concurrent with the sentence for burglary. Id, pp. 61-62.

On February 3, 2012, Lopez was released from incarceration and placed on parole. Dkt. No. 18-1, p. 3.

On February 25, 2016, a "pre-revocation arrest warrant" was issued for Lopez for failing to report to his parole officer. Dkt. No. 18-1, p. 3. On November 3, 2016, Lopez was arrested based on the warrant and placed in custody at an ISF. Id. At a parole board hearing, Lopez admitted to failing to report and was placed in an ISF as a sanction. Dkt. No. 1, p. 5.

On March 7, 2017, the sanction was withdrawn and Lopez was again placed on parole. Dkt. No. 18-1, p. 3. Lopez's "maximum discharge date" on his sentence is April 12, 2018. Id.

Lopez did not challenge his placement in the ISF in state court prior to filing the habeas petition in this court.

    **B. Procedural History**

On December 16, 2016, Lopez filed the instant habeas corpus petition. Dkt. No. 1. While his claims are not entirely clear, it appears that Lopez is claiming that the revocation hearing violated his due process and that his attorney was deficient for allowing him to admit the charge, rather than fighting it.

On March 28, 2017, the State filed a motion for summary judgment, asserting that Lopez's petition has been mooted by his release from the ISF. Dkt. No. 18.

**II. Applicable Law**

    **A. Summary Judgment**

Summary judgment pursuant to Rule 56(c) is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). All inferences are made and doubts are resolved in favor of the nonmoving party. Dean v. City of Shreveport, 438 F.3d 448, 454 (5th Cir. 2006). Hearsay is not competent summary judgment evidence. Martin v. John W. Stone Oil Distributor, Inc., 819 F.2d 547, 549 (5th Cir. 1987).

A court may determine that no genuine issue of material fact exists, if it determines that no reasonable juror could find in favor of the nonmovant. Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1089 (5th Cir. 1995). The moving party, however, is not required to provide evidence negating the nonmovant's claims. Celotex Corp., 477 U.S. at 323. "[R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for entry of summary judgement, as set forth in Rule 56(c), is satisfied." Id. Summary judgment is an appropriate vehicle through which to resolve a habeas petition, where the facts otherwise support such resolution. Goodrum v. Quarterman, 547 F.3d 249, 255 (5th Cir. 2008).

**B. Section 2254**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner convicted in a state court may challenge his conviction to the extent it violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, only violations of the United States Constitution or federal law are subject to review by this Court under § 2254.

In conducting such a review, a federal district court:

> may not issue a writ of habeas corpus for a defendant convicted under a state judgment unless the adjudication of the claim by the state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."

Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

"A decision is contrary to clearly established federal law under § 2254(d)(1) if the state court (1) 'arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law'; or (2) 'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent' and reaches an opposite result.'" Simmons v. Epps, 654 F.3d 526, 534 (5th Cir. 2011) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000)).

The Court may not grant the petition if the petitioner has not exhausted the remedies available in the state court. Scott v. Hubert, 635 F.3d 659, 667 (5th Cir. 2011) (citing 28 U.S.C. § 2254(b)(1)(A)). A claim is not exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In order to be exhausted, the claim must have been presented to the state's highest court "in a procedurally proper manner according to the rules of the state courts." Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir.1999).

### C. Mootness

"A controversy is mooted when there are no longer adverse parties with sufficient legal interests to maintain the litigation. A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." Goldin v. Bartholow, 166 F.3d 710, 717 (5th Cir.1999) (citations omitted).

If a prisoner files a habeas corpus petition challenging the revocation of his parole, his subsequent release from custody renders the habeas corpus petition moot. Spencer v. Kemna, 523 U.S. 1, 8 (1998). The only exception is when the prisoner can show ongoing collateral consequences flowing from the revocation; the petitioner has the burden of proving such consequences exist in his case. Id. For example, if a prisoner's maximum parole discharge date is extended as a result of the revocation, then the case is not moot. Villegas v. Thaler, 480 F. App'x 761, 763 (5th Cir. 2011).

### III. Analysis

In analyzing Lopez's claims, a basic premise is that allegations by pro se litigants must be afforded liberal construction to ensure that their claims are not unfairly dismissed, because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). In this case, even allowing for the latitude due a pro se, Lopez's claims are meritless and should be denied.[2]

---

[2] The Court notes that Lopez's claims also appear to be unexhausted, in that he did not file a habeas petition in the state courts. See Montero v. Thaler, No. CIV.A. H-11-1496, 2012 WL 568735, at *2 (S.D. Tex. Feb. 21, 2012) (failure to file petition in state court rendered claims regarding placement in ISF facility unexhausted). The State, however, did not raise the issue of exhaustion in its summary judgment motion; expressly reserving the issue for a later time. Dkt. No. 18. The Court cannot decide the exhaustion issue sua sponte, without first affording Lopez notice and an opportunity to respond. Kurtzemann v. Quarterman, 306 F. App'x 205, 206 (5th Cir. 2009). As discussed in this section, Lopez's claims have been mooted by his release from the ISF, which is dispositive of his petition. Moreover, the record makes it clear that Lopez's claims have not been exhausted. The Court sees no benefit to either party in prolonging this case merely so Lopez can address the self-evident condition of the lack of exhaustion. Finally, even

The Court reiterates that Lopez complains about his placement in ISF and the hearing which resulted in that placement and not his general status as a parolee. Despite his complaints, Lopez has since been permitted to leave the ISF and return to parole status.

In another case presenting identical circumstances, another court in this district concluded that "the present petition and the grounds presented were rendered moot upon his release from the ISF." Montero v. Thaler, 2012 WL 568735, at *2 (S.D. Tex. 2012). This conclusion makes sense. Lopez wanted the parole hearing re-opened so that he would have the opportunity to challenge his custodial status and be released from custody in the ISF. Dkt. No. 1. He is no longer in the ISF and has been returned to the community. Accordingly, he received the relief that he sought and his claims have been rendered moot. Montero, 2012 WL 568735, at *2.

Furthermore, Lopez has not established that he faces any collateral consequences as a result of his placement in an ISF. For example, Lopez has not alleged that he will be forced to stay on parole for a longer period of time. Cf. Villegas, 480 F. App'x at 763. The fact that Lopez may be returned to the ISF in the future, or that the results of his parole board hearing "could be used to his detriment in a future parole proceeding[,]" are not concrete injuries, that would serve as sufficient collateral consequences to preclude mootness. Kemna, 523 U.S. at 14.

Because the case is moot, jurisdiction is not present. Accordingly, Lopez's petition should be dismissed without prejudice for lack of jurisdiction. Lemons v. Swann, 412 F. App'x 672, 673 (5th Cir. 2011).

## IV. Recommendation

It is **RECOMMENDED** that Jose Luis Lopez's petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 be **DISMISSED** without prejudice for lack of jurisdiction. It is further recommended that the motion for summary judgment filed by Lorie Davis be denied as moot.

---

if the Court assumes that the claims were exhausted, the result in this case is the same.

6

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2254 motion to the Court of Appeals. 28 U.S.C. § 2253(c)(1)(A). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). "Importantly, in determining this issue, we view the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." Druery v. Thaler, 647 F.3d 535, 538 (5th Cir. 2011) (internal quotations omitted) (citing Barrientes v. Johnson, 221 F.3d 741, 772 (5th Cir.2000)). The district court must rule upon a certificate of appealability when it "enters a final order adverse to the applicant." Rule 11, Rules Governing § 2254 Petitions.

After reviewing Lopez's § 2254 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Lopez's § 2254 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be **DENIED**.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985);

Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on June 15, 2017.

_____
Ronald G. Morgan
United States Magistrate Judge